NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

04 SEP -2 PM 2:29

U.S. DISTRICT COURT
N D OF ALABAMA

COLBERT COUNTY COMMISSION,

        Plaintiff,

v.

FIREMAN'S FUND INSURANCE CO.;
HUFFMAN CONSTRUCTION INC.;
ENGINEERING SERVICE ASSOCIATES,
INC.; ZURICH AMERICAN INSURANCE
CO.; and GREAT AMERICAN ALLIANCE
INSURANCE CO.,

        Defendants.

Case No.: CV-04-HS-1178-NW

**ENTERED**

SEP - 2 2004

## OPINION REGARDING PLAINTIFF'S MOTION TO REMAND AND MOTION BY DEFENDANT FIREMAN'S FUND TO DISMISS OR FOR A MORE DEFINITE STATEMENT

THIS MATTER is before the Court on a motion for remand filed by the Plaintiff, Colbert County Commission (doc. 17), and a motion by Defendant Fireman's Fund Insurance Company seeking dismissal or a more definite statement (doc. 33). Oral arguments were heard on August 5, 2004.

The complaint was amended in cumulative fashion three times while the case was pending in Colbert County Circuit Court. The Plaintiff alleges that Defendant Engineering Service Associates, Inc. ("ESA"), was negligent in the performance of its obligation to monitor the progress and work quality in the construction of a water treatment plant (Count I), and that ESA breached its contract with the Plaintiff (Count II).

Defendant Huffman, Inc., the construction project's general contractor, is accused of negligence (Count III), and is alleged to have breached its contract with the Plaintiff (Count IV).



In the original complaint, Fireman – Huffman's surety – is alleged to have breached its contractual obligations under a payment bond (Count V). The Plaintiff also claimed that Fireman is guilty of bad faith (Count VI), and that a judgment should enter declaring that Fireman is liable on the bond (Count VII).

In Count VIII, the Plaintiff alleges that it is entitled to an order compelling ESA, Huffman, and Fireman to perform their contractual obligations.

Fireman entered into a settlement agreement with the Plaintiff, and was voluntarily dismissed from the action on January 14, 2004. See Doc. 15.

In the Second Amended Complaint, Defendants Zurich American Insurance Company and Great American Alliance Insurance Company are alleged to be liable for Huffman's errors and omissions (Count IX), and guilty of bad faith (Count X). In Count XI, the Plaintiff seeks a declaration that these insurers are bound by the terms of their contracts with the Plaintiff.

With the filing of the Third Amended Complaint, Fireman was re-named as a Defendant. Count XII alleges that Fireman breached the agreement settling the original claims – *i.e.*, those asserted in Counts V, VI, VII, and VIII. According to Count XIII, Fireman fraudulently induced the Plaintiff to enter into this settlement agreement.

Fireman responded with a 7-count counterclaim. Doc. 31. In Counts I and II, Fireman seeks a determination that its obligations under the payment bond and a performance bond have been discharged. According to Count III, the Plaintiff breached a contract relating to Fireman's provision of financing to assist Huffman in completing the project. Mirroring the Plaintiff's Counts XII and XIII, Counts IV and V of the Counterclaim allege breach of the settlement agreement and fraud in connection with the execution of that agreement. In Count VI, Fireman alleges that the Plaintiff

breached its contract with Huffman. Invoking the doctrines of *quantum meruit* and unjust enrichment, Fireman asserts in Count VII that it is entitled to compensation for labor, materials, and equipment furnished in an effort to complete the project.

ESA filed a crossclaim against Huffman and Fireman's, seeking indemnification for its liability, if any, to the Plaintiff. See Doc. 8.

The primary questions presented here are whether the original, federal-law-based claims against Fireman are reasserted in the Third Amended Complaint, and whether this case ought to be remanded. The Court concludes that the Third Amended Complaint does assert federal claims, but that the non-federal claims should be remanded to state court.

Fireman's motion raises the question of whether the Third Amended Complaint is so vague as to warrant dismissal or a more definite statement. The Court concludes that it is not.

## I. BACKGROUND

Fireman filed a notice of removal to this Court on June 8, 2004. Doc. 1. The other 4 Defendants consented to removal. Docs. 2 - 5. On June 24, 2004, the Plaintiff filed its motion to remand. Fireman's motion for dismissal or a more definite statement was filed on July 8, 2004. Both motions are contested.

## II. DISCUSSION

*Federal Jurisdiction*

*Standard of Review*

Fireman's removal was predicated on 28 U.S.C. § 1352, which generally gives federal district courts "original jurisdiction, concurrent with State courts, of any action on a bond executed under any law of the United States." Statutes such as this "are to be construed narrowly, with

3

ambiguities resolved against a finding of federal jurisdiction." Erienet, Inc. v. Velocity Net, 156 F.3d 513, 519 (3d Cir. 1998). See also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109 (1941) (Federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." (citation omitted)). "A removing defendant has the burden of proving the existence of federal jurisdiction." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353,1356 (11th Cir. 1996), overruled on other grounds by Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). "The question whether subject matter jurisdiction exists is measured as of the time the Complaint was filed." Baggett v. First National Bank of Gainesville, 117 F.3d 1342, 1352 (11th Cir. 1997) (citation omitted).

*Analysis*

In seeking remand, the Plaintiff reasons that its claims against Fireman are based solely on the parties' settlement agreement, rather than the payment bond. Fireman argues in response that the third amended complaint "effectively revived" the original claims against it. Fireman Brief at 4 (Doc. 35).

The Court agrees with Fireman. Each of the introductory paragraphs in Counts XII and XIII states that the "Plaintiff repeats and re-alleges each and every allegation in the preceding paragraphs of the *original* complaint as if fully set forth herein." Third Amended Complaint at ¶¶ 69, 76 (emphasis added). Paragraphs 36, 38, 43, and 45 of the original complaint allege that Fireman is liable to Plaintiff under the payment bond. Thus the original claims against Fireman are resurrected by the Third Amended Complaint. See generally, e.g., United States v. Baxter Int'l, 345 F.3d 866, 881 (11th Cir. 2003), cert. denied, 124 S.Ct. 2907 (2004) ("Because the Federal Rules embody the concept of liberalized notice pleading, a complaint need contain only a statement calculated to give

4

the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (citation & quotation marks omitted)). The Court rejects the Plaintiff's contention to the effect that the previous dismissal of those claims renders this construction untenable – particularly since that dismissal was without prejudice. See Hill v. Bellsouth Telecommunications, 364 F.3d 1308, 1314 (11th Cir. 2004) (As a general rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." (citation omitted)); cf. Phillips Petroleum Co. v. Texaco, Inc., 415 U.S. 125, 127-28 (1974) (*per curiam*) ("The federal questions must be disclosed upon the face of the complaint, unaided by the answer." (quotation marks omitted)).

To summarize, the Third Amended Complaint asserts claims for breach of Fireman's obligations under the payment bond. Federal courts have original jurisdiction over those claims, and Fireman's removal to this Court was therefore proper. See 28 U.S.C. § 1441.

*Supplemental Jurisdiction*

The Plaintiff's backup arguments are for remand of the entire case pursuant to 28 U.S.C. § 1441(c), or of the state-law claims pursuant to 28 U.S.C. § 1367(c)(2).

*Standard of Review - Section 1441(c)*

Remand under § 1441(c) requires a determination that the federal claim is "separate and independent" from the state-law claims. 28 U.S.C. § 1441(c). "Where both federal and state causes of actions are asserted as a result of a single wrong based on a common event or transaction, no separate and independent federal claim exists under section 1441(c)." In re City of Mobile, 75 F.3d 605, 608 (11th Cir. 1996).

*Analysis - Section 1441(c)*

Fireman's alleged liability as Huffman's surety is not separate and independent from Huffman's alleged liability for breach of contract. The Plaintiff's reliance on § 1441(c) is therefore misplaced.

*Standard of Review - Section 1367(c)(2)*

Federal courts can "decline to exercise supplemental jurisdiction over a" state-law claim if it "substantially predominates over the" federal claim. 28 U.S.C. § 1367(c)(2). This predominance may be "in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought." Lomax v. Armstrong Cork Co., 433 F.2d 1277, 1281-82 (5th Cir. 1970) (quoting United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966), a case decided before § 1367 was enacted). See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*) (Decisions of the Fifth Circuit rendered prior to October 1, 1981, are binding in the Eleventh Circuit.).

If state law predominates, the Court should take into account other "considerations" discussed in Gibbs, supra, in deciding whether to exercise supplemental jurisdiction. Palmer v. Hospital Auth. of Randolph County, 22 F.3d 1559, 1569 (11th Cir. 1994). These considerations "include judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." Id. Another relevant consideration is comity. Baggett, 117 F.3d at 1353.

*Analysis – Section 1367(c)*

Fireman's alleged liability on the payment bond is the sole federal issue among the many

6

issues raised in the complaint, as amended.[1] This is an indication that state law predominates over federal law. See Broad, Vogt & Conant v. Alsthom Automation, 186 F.Supp.2d 787, 790 (E.D. Mich. 2002) ("Where, as here, Plaintiffs assert only one federal claim out of thirteen claims in the Complaint, the state law claims substantially predominate over the remaining federal claim . . . ."). Moreover, Fireman's liability turns largely on the validity of the Plaintiff's state-law claims against Huffman. This also points to the conclusion that state law is predominant. See Gibbs, 383 U.S. at 727 ("Once it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage, the state claim may fairly be dismissed."); Borough of West Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995) (Section 1367(c)(2)'s "authority should be invoked . . . where permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog."); cf. Jackson v. Stinchcomb, 635 F.2d 462, 473 (5th Cir. Jan. 27, 1981), rejected on other grounds by County of Monroe v. United States Dep't of Labor, 690 F.2d 1359 (11th Cir. 1982) (concluding that the exercise of pendent jurisdiction was proper, in part because "the state issues would simply be subsidiary issues in the federal claim").

For these reasons, the Court concludes that it has the discretion under § 1367(c)(2) to decline jurisdiction over the state-law claims. The next question is whether this discretion should be exercised.

In this regard, Gibbs commented that "[n]eedless decisions of state law should be avoided

---

[1] The Court rejects Fireman's suggestion that another federal claim exists by virtue of an arbitration provision in the construction contract "which is governed by the Federal Arbitration Act," 9 U.S.C. § 1 et seq. Fireman's Brief at 6. See Southland Corp. v. Keating, 465 U.S. 1, 15 n.9 (1984) ("While the Federal Arbitration Act creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal-question jurisdiction . . . ."); see also, e.g., Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469-70 (11th Cir. 1997).

both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Similarly, the Eleventh Circuit opined that "[b]oth comity and economy are served when issues of state law are resolved by state courts." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002). The Court infers from these statements that supplemental jurisdiction should be declined unless there is good reason to exercise it.

Fireman asserts that it "will be extremely difficult to obtain a fair and impartial trial [in Colbert County Circuit Court] given that the plaintiff . . . is a governmental branch of the county from which potential jurors (i.e. Colbert County taxpayers) would be drawn." Fireman's Brief at 8. But it offers no evidence to support this assertion. Moreover, the potential for bias which Fireman describes could furnish the basis for a change of venue:

> Either party to a civil action may move the court to change the venue at any time before final trial, making affidavit that for causes set forth, he cannot have a fair and impartial trial in the county where the action is pending. The court may direct a change to the nearest county free from proper objection . . . .

Ala. Code § 6-3-20. See generally Braswell v. Money, 344 So.2d 767, 769 (Ala. 1977) ("[L]ocal prejudice which tends to prevent a fair and impartial trial is ground for change of venue."). This is particularly true if, as Fireman claims, the risk of bias is "obvious." Fireman's Brief at 7. Thus the Court is not persuaded that declining jurisdiction would be unfair to Fireman.

On the other hand, the time and expense associated with a motion to change venue would not be insignificant. The "convenience" factor therefore weighs in favor of retaining supplemental jurisdiction.

Under Gibbs, another factor to consider is judicial economy. If the Court declined

supplemental jurisdiction, the sole claim remaining would be Fireman's alleged liability on the payment bond. Since the Plaintiff has disavowed that claim, it may seek its dismissal. If the claim is not dismissed at the Plaintiff's request, the Court would likely either stay these proceedings, or dismiss it on its own motion without prejudice, pending the outcome of litigation in state court. Under any of these scenarios, the refusal to exercise supplemental jurisdiction would not create significant inefficiencies in terms of judicial resources.

Similarly, the Court does not view the Plaintiff's claim against Huffman as one which should necessarily be tried concurrently with the Plaintiff's claim on the payment bond. To the contrary, since liability on the bond is premised on Huffman's liability, it would be entirely logical to postpone a determination of the bond claim until the claim against Huffman is resolved.

Another factor in deciding whether to exercise supplemental jurisdiction is the extent to which the state claims implicate a federal interest. See Gibbs, 383 U.S. at 727 ("There may . . . be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong."). In this regard, the concurrent jurisdiction of State courts under 28 U.S.C. § 1352 indicates that "federal policy" is of no special importance. See generally Gulf Offshore Co. v. Mobil Oil Corp., 453 U.S. 473, 483-84 (1981) ("The factors generally recommending exclusive federal-court jurisdiction over an area of federal law include the desirability of uniform interpretation, the expertise of federal judges in federal law, and the assumed greater hospitality of federal courts to peculiarly federal claims." (footnote omitted)).

Having considered the relevant factors, the Court concludes that there are insufficient grounds for overriding the preference, as expressed by the Supreme Court and the Eleventh Circuit, that state-law claims be decided in state court. The Court will therefore decline to exercise its

supplemental jurisdiction over the state-law claims. Rather than dismissing these claims without prejudice, the Court will remand them to Colbert County Circuit Court. Cf. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 357 (1988) (holding that a case which was properly removed to federal court can be remanded after the federal claims have been eliminated); Long v. Bando Mfg. of America, 201 F.3d 754, 761 (6th Cir. 2000) (noting that Carnegie-Mellon pre-dated the enactment of § 1367, but concluding "that the discretion to remand" after federal claims are dismissed "was incorporated into that statute").

*The Fraud Claim*

The Plaintiff alleges in Count XIII that the Defendant fraudulently induced it to execute the settlement agreement. Fireman argues that this claim is based on federal law, reasoning that a finding of fraud would nullify the agreement, and hence "reinstate[ ]" the payment bond. Fireman's Brief at 5.

This argument was raised by Fireman as an alternative to its contention that the bond claims were incorporated by reference into the Third Amended Complaint. While the Court has accepted Fireman's primary argument, the reinstatement argument is still relevant for purposes of determining whether Count XIII is a state claim subject to remand.

As noted earlier, 28 U.S.C. § 1352 grants federal jurisdiction over "any action on a bond executed under any law of the United States." The Court agrees with Fireman that in light of the possible remedies that might be imposed should there be a finding of fraud, Count XIII can plausibly be viewed as an "action on a bond" within the meaning of that statute. However, the Court does not believe that this view can be reconciled with the requirement that statutes conferring federal subject-matter jurisdiction be narrowly construed. See supra p. 4; cf. Peerless Ins. Co. v. United States, 674

F.Supp. 1202, 1205 (E.D. Va. 1987) ("A declaratory judgment action is not an action 'on a bond' but rather an action *about* a bond." (emphasis in original)). The Court will therefore include the claim of fraudulent inducement among the state-law claims remanded to state court.

*The Crossclaim*

While the Plaintiff's motion to remand implicated ESA's crossclaim, that party did not file a response to the motion. It appears, moreover, that the crossclaim is based solely on state law, and that this Court has only supplemental jurisdiction over it. The crossclaim will therefore be remanded.

*The Counterclaim*

Count I of the counterclaim arguably creates federal-question jurisdiction under 28 U.S.C. § 1352. But see id. The same could be said of Count II, assuming that the performance bond was executed under Federal law. And even if the Court has only supplemental jurisdiction over Count I, the rationale for declining to exercise such jurisdiction is obviously weaker.

With these qualifications, however, the reasons stated in this opinion for declining to exercise supplemental jurisdiction over the Plaintiff's claims would appear to apply with equal force to Fireman's claims. Because the motion to remand preceded Fireman's counterclaim, and thus did not address it, the Court will provide Fireman with an opportunity to show cause why the counterclaim should not be dismissed or remanded pursuant to 28 U.S.C. § 1367(c)(2). Compare Hinson v. Norwest Fin., 239 F.3d 611, 616 (4th Cir. 2001) (lending support for the view that a post-removal counterclaim can be remanded); see generally, e.g., Santiago v. Hernandez, 53 F.Supp.2d 264, 273-74 (E.D. N.Y. 1999) (collecting cases in which the court invoked § 1367(c) *sua sponte*).

*Analysis - More Definite Statement*

The basis for Fireman's motion is the Plaintiff's failure to attach 3 exhibits referenced in the original and Third Amended Complaints. These exhibits are (1) the contract between the Plaintiff and ESA; (2) the payment bond; and (3) the settlement agreement.

The failure to provide these documents does not detract from the clarity of the complaint, much less render it "so vague or ambiguous that a party cannot reasonably be required to frame a" response, thereby necessitating a more definite statement. F.R.Civ.P. 12(e). This point is underscored by the fact that, along with its motion for a more definite statement, Fireman also filed an answer to the Third Amended Complaint. Compare id. ("[T]he party may move for a more definite statement *before* interposing a responsive pleading." (emphasis added)).

At the hearing, Fireman argued for the first time that Count XIII does not pass muster under F.R.Civ.P. 9(b), which requires that "the circumstances constituting fraud . . . be stated with particularity." This rule, however, goes on to state that "intent, knowledge, and other condition of mind of a person may be averred generally." F.R.Civ.P. 9(b). Thus no greater particularity was required with respect to Plaintiff's allegation that Fireman did not intend "to substantially complete the project as required by law." Third Amended Complaint at ¶ 77.

The Eleventh Circuit has cautioned courts not to permit the "application of Rule 9(b) . . . [to] abrogate the concept of notice pleading." Ziemba v. Cascade Int'l, 256 F.3d 1194, 1202 (11th Cir. 2001) (citation & quotation marks omitted). The major purpose of the rule's particularity requirement, the Eleventh Circuit indicated, is to assure that defendants are "alert[ed] . . . to the precise misconduct with which they are charged." Id. (citations & quotation marks omitted). The Court is satisfied that Count XIII adequately serves that purpose.

As for dismissal, Fireman does not even cite the rule or other authority upon which it relies.

12

Nor does it offer any rationale for this extreme measure. Compare, e.g., Ellis v. General Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998) ("A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." (citation & quotation marks omitted)).

For these reasons, Fireman's motion will be denied.

### III. Conclusion

The Third Amended Complaint raises claims over which this Court has jurisdiction. There is, however, no compelling reason to exercise supplemental jurisdiction over the non-federal claims – i.e., the crossclaim and all counts of the complaint, as amended, other than counts V, VI, VII and, to the extent it relates to Fireman, count VIII. The Plaintiff's failure to attach certain documents referenced in its complaint, as amended, did not render the allegations therein vague or otherwise difficult to comprehend.

Accordingly, an order will enter denying Fireman's motion to dismiss or for a more definite statement (doc. 33), and granting in part the Plaintiff's motion to remand (doc. 17).

VIRGINIA EMERSON HOPKINS
UNITED STATES DISTRICT JUDGE

September 2, 2004